IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN BIRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-1281 |
| | ) |
| COUNTY OF GREENE, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Defendant, County of Greene, filed a Motion to Dismiss Plaintiff's, Bryan Bird's, Complaint for failure to state a claim based on Rule 12(b)(6) and for lack of subject matter jurisdiction based on Rule 12(b)(1). (Docket No. 5).  Plaintiff filed a response and a brief in opposition thereto.  (Docket Nos . 8 and 9).  After careful review of the parties submissions and based on the reasons set forth below, the Motion to Dismiss at Docket No. 5 is denied.

### I.  BACKGROUND

On September 26, 2006, Plaintiff filed a five-count Complaint against his former employer,  Defendant.  (Docket No. 1).  Claim I is a claim for failure to accommodate under the Americans with Disabilities Act ("ADA"), 42, U.S.C. §12101, *et seq.*  Claim II is a claim for failure to accommodate under Pennsylvania Human

Relations Act ("PHRA"), 43 Pa.C.S.A. §959, *et seq.*  Claim III is a claim for retaliation under the ADA and Claim IV is a claim for retaliation under the PHRA.  Claim V is a claim for hostile work environment under the ADA and the PHRA.

## II.  <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1).  In other words, it "attacks . . . the right of a plaintiff to be heard in Federal court."  *Cohen v. Kurtzman*, 45 F. Supp.2d 423, 428 (D. N.J. 1999).  A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality).  *Id.*  The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991).  Because the court must determine whether jurisdiction exists before it may proceed to the merits of a case, the court may make factual findings which are decisive to the issue.  *Cohen,* 45 F.Supp.2d at 429, *citing Employers Ins. of*

*Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

In deciding a Motion to Dismiss pursuant to 12(b)(6), all factual allegations and all reasonable inferences therefrom must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn,* 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See,* Fed. R. Civ. P. 8(a)(2); *Conley,* 355 U.S. at 45-46. Thus, when ruling upon a 12(b)(6) motion, a district court is limited to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record. Fed. R. Civ. P. 12(b)(6); 10(c). In

3

addition, courts may consider exhibits that the defendant attaches to its motion to dismiss if they are undisputedly authentic and the plaintiff's complaints are based on them. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192 (3d Cir.1993).

### III.  Claims I and II: ADA and PHRA[1] - Failure to Accommodate

The parties appear to agree on the elements necessary to establish a *prima facie* case for failure to accommodate under the ADA and PHRA.[2] (Docket No. 6, p. 3; Docket No. 9, p. 2). Defendant argues that Plaintiff's Complaint should be dismissed for failure to allege that he is a disabled person within the meaning of the ADA. (Docket No. 6, pp. 3-5). As Defendant points out, however, the Complaint asserts that "Plaintiff meets the qualifications as a disabled individual under the ADA, by reason of his obesity and the consequent health impairments, including but not limited to sleep apnea, limited ability to engage in physical activity, and other common affiliations as a sequellae of obesity." (Docket No. 1, 18). With regard to the pleading stage of litigation, the Third Circuit has recognized as follows:

> Under the notice pleading standard of Fed.R.Civ.P. 8(a), a complaint requires only a short and plain statement

---

[1]The elements for a *prima facie* case of disability discrimination under the ADA are essentially identical to those necessary to establish a *prima facie* case under the PHRA. *See, Kelly v. Drexel Univ.,* 94 F.3d 102, 105 (3d Cir. 1996)(the law on disability discrimination under the PHRA is treated the same as under the ADA). Therefore, the discussion above regarding the ADA claims applies equally to Plaintiff's PHRA claims as though it were set forth herein fully and at length.

[2]According to the Third Circuit, to establish a prima facie case under the ADA, a plaintiff must establish that he: (1) is a disabled person within the meaning of the ADA, (2) is otherwise qualified to perform the essential functions of the job, with or without accommodations, and (3) has suffered an otherwise adverse employment action as a result of discrimination. *Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998); *Deane v. Pocono Medical Ctr.,* 142 F.2d 138, 142 (3d Cir. 1998).

4

showing a right to relief, "not a detailed recitation of the proof that will in the end establish such a right." *Pryor*, 288 F.3d at 564. As the United States Supreme Court recently has confirmed, complaints in employment discrimination cases must satisfy only the simple requirements of Rule 8(a). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir.2001). Thus, "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Swierkiewicz*, 539 U.S. at 508, 122 S.Ct. 992; *Weston*, 251 F.3d at 429 (a complaint need not plead law or match facts to every element of a legal theory to survive a motion to dismiss under Rule 12(b)(6)).

*Gavura v. Pennsylvania State House of Representatives*, 55 Fed.Appx. 60, *63, 2002 WL 31781092, *3 (3d Cir. 2002).  Based on the above, I find the allegations set forth in Plaintiff's Complaint are sufficient to place Defendant on notice that he is pursuing a failure to accommodate claim under the ADA and the PHRA for which he could be entitled to relief.  Accordingly, Plaintiff has done all that is required at the pleading stage.  Consequently, Defendant's Motion to Dismiss Claims I and II is denied.

### IV.  Claims III and IV: ADA and PHRA - Retaliation

Defendant argues that Plaintiff's retaliation claim should be dismissed because he has not alleged the third element of a *prima facie* case,[3] a causal link between his

---

[3]To establish a *prima facie* case of retaliation under the ADA, Plaintiff must show that (1) there was a protected employee activity; (2) there was adverse action by the employer either after, or contemporaneously with, the employee's protected activity; and (3) there is a causal connection between his protected activity and the employer's adverse action.  *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

alleged protected activities and the alleged adverse employment actions. (Docket No. 6, pp. 6-7). As set forth above, a *prima facie* case is an evidentiary standard and not a pleading requirement. *Gavura v. Pennsylvania State House of Representatives*, 55 Fed.Appx. 60, 63, 2002 WL 31781092, *3 (3d Cir. 2002), *citing, Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 510 (2002). A review of Plaintiff's Complaint reveals, that he believes his "suspension and his termination were the product of retaliation because of Plaintiff's use of the EEOC process and his opposition to Defendant's discrimination against him on the basis of disability." (Docket No. 1, 26). The allegations are sufficient to place Defendant on notice that Plaintiff is pursuing a retaliation claim under the ADA and the PHRA for which he could be entitled to relief. Accordingly, Plaintiff has done all that is required at the pleading stage. Consequently, Defendant's Motion to Dismiss Claims III and IV is denied.

### IV. <u>Claims V: ADA and PHRA - Hostile Work Environment</u>

Defendant argues that Claim V should be dismissed based on lack of jurisdiction, or in the alternative, for failure to state a case. (Docket No. 6, pp. 8-10). To begin with, I am not persuaded by Defendant's argument regarding lack of jurisdiction. A review of Plaintiff's initial charge discloses that Plaintiff was alleging a hostile work environment. (Docket No. 9, Appx. 1). Accordingly, I find that Plaintiff has exhausted his administrative remedies. Therefore, I possess jurisdiction over said claim.

With regard to Defendant's alternative argument, Defendant requests that this Court dismiss Plaintiff's Complaint because Plaintiff has failed to allege a *prima*

*facie* case for a hostile work environment case.  I disagree.  Again, a *prima facie* case is an evidentiary standard and not a pleading requirement.  *Gavura,* 55 Fed.Appx. at 63, 2002 WL 31781092, *3, *citing, Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 510 (2002). In his Complaint, Plaintiff alleges that "[a]s a result of the initial EEOC filing, Defendant had created a hostile work environment by opposing Plaintiff's reasonable requests, by continual harassment by individuals who oppose the EEOC filing." (Docket No. 1,  31).  The allegations are sufficient to place Defendant on notice that Plaintiff is pursuing a hostile work environment claim for which he could be entitled to relief.  Consequently, Defendant's Motion to Dismiss Claim V is denied.

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

### ORDER OF COURT

AND now, this **23rd** day of February, 2007, after careful consideration and for the reasons set forth above,  it is ordered that Defendant's Motion to Dismiss (Docket No. 5) is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge